Pamela J. Griffith, OSB #812495
Office of the United States Trustee
620 SW Main St., Rm. 213
Portland, OR 97205
Telephone: (503) 326-4004

Attorney for Robert D. Miller Jr., United States Trustee, Plaintiff

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Derek L. Brown,<br><br>        Debtor. | Case No. 11-30561-rld7 |
| United States Trustee,<br><br>        Plaintiff,<br><br>        v.<br><br>Derek L. Brown,<br><br>        Defendant. | Adversary No. 11-03276-rld<br><br>COMPLAINT FOR DENIAL OF DISCHARGE |

Robert D. Miller Jr., United States Trustee, plaintiff, respectfully alleges:

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This adversary proceeding relates to the Chapter 7 bankruptcy case of <u>In re Derek L. Brown</u>, Case No. 11-30561-rld7, pending in the United States Bankruptcy Court for the District of Oregon, Portland Division. The matter in controversy arises under 11 U.S.C. § 727. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. § 1409.

Page 1 - COMPLAINT FOR DENIAL OF DISCHARGE

2. The plaintiff is authorized to file this complaint pursuant to 11 U.S.C. § 727(c).

3. The defendant is a real estate builder, developer, and investor. He has conducted his business and personal affairs using multiple related companies and other entities, some of which are described in Schedule B and Statement of Financial Affairs item 18 filed in the defendant's bankruptcy case.

4. The defendant's financial distress arose as a result of the collapse of the real estate market which, from the defendant's perspective, started in 2006 and became extremely serious by 2008. By 2009 and 2010, a number of the defendant's creditors had commenced litigation against him/his businesses and were initiating enforcement actions.

**The 2002 Mercedes**

5. The defendant has and/or had an interest in a 2002 Mercedes, VIN WBDBPJ75J42A027560 (the "2002 Mercedes").

6. The defendant originally titled the 2002 Mercedes in the name of DLB and Associates LLC, an entity that the defendant owned and controlled.

7. By a transfer date of August 20, 2008 and Oregon Department of Motor Vehicles ("DMV") process date of September 4, 2008, the defendant transferred title of the 2002 Mercedes from DLB and Associates LLC to DL Brown Family Partnership LLC, an entity that the defendant owned and controlled.

8. On August 20, 2008, the secured lender released its lien on the 2002 Mercedes. No secured creditor has been reflected on the tilte of the 2002 Mercedes since that time.

9. By a transfer date of April 1, 2009 and DMV process date of April 9, 2009, the defendant transferred title of the 2002 Mercedes from DL Brown Family Partnership LLC to AFM Assets LLC, an entity that the defendant owned and controlled.

10. By a transfer date of November 29, 2010 and DMV process date of December 17, 2010, the defendant transferred title of the 2002 Mercedes from AFM Assets LLC to AFM Asset Holdings LLC.

Page 2 - COMPLAINT FOR DENIAL OF DISCHARGE

11. The members of AFM Asset Holdings LLC are the defendant's parents, Jacquelyn Brown and Leonard Brown.

### The 2006 Range Rover

12. The defendant has and/or had an interest in a 2006 Range Rover, SALMF13486A204268 (the "2006 Range Rover"). No secured creditor has been reflected on the title of the 2006 Range Rover.

13. The defendant originally titled the 2006 Range Rover in the name of DL Brown Family Partnership LLC.

14. By a transfer date of April 1, 2009 and process date of April 9, 2009, the defendant transferred title of the 2006 Range Rover from DL Brown Family Partnership LLC to AFM Assets LLC.

15. By a transfer date of November 29, 2010 and DMV process date of December 17, 2010, the defendant transferred title of the 2006 Range Rover from AFM Assets LLC to AFM Asset Holdings LLC.

### The 2008 Mercedes

16. The defendant has and/or had an interest in a 2008 Mercedes, VIN WDDEJ77X88A015730 (the "2008 Mercedes"). No secured creditor has been reflected on the title of the 2008 Mercedes.

17. The defendant originally titled the 2008 Mercedes in the name of DL Brown Family Partnership LLC.

18. By a transfer date of April 1, 2009 and process date of April 9, 2009, the defendant transferred title of the 2008 Mercedes from DL Brown Family Partnership LLC to AFM Assets LLC.

19. By a transfer date of November 29, 2010 and DMV process date of December 17, 2010, the defendant transferred title of the 2008 Mercedes from AFM Assets LLC to AFM Asset Holdings LLC.

20. After the bankruptcy case was filed, the 2008 Mercedes was advertised for sale for $79,995. The advertisement contained a representation that the Mercedes had "1 Owner."

**The Real Property Title Transfers**

21. The defendant has and/or had an interest in a residence located at 176 Highland Drive, Seattle, WA 98109 (the "Highland Drive Property"). The residence, purchased in 2004 for $1,830,000, originally was titled in the defendant's name. By document dated September 12, 2008 and recorded September 17, 2008, the defendant transferred the legal interest in the Highland Drive Property to D Livingston Brown Family Partnership, LLC, an entity that the defendant owned and controlled. By document dated March 30, 2009 and recorded April 13, 2009, the defendant transferred the legal interest in the Highland Drive Property from D Livingston Brown Family Partnership, LLC to AFM Assets, LLC. By document dated September 30, 2009 and recorded October 15, 2009, the defendant transferred the Highland Drive Property from AFM Assets, LLC to AFM Holding, LLC, an entity that the defendant owned and controlled.

22. The defendant has and/or had an interest in a condominium located at 4246 SW Corbett Ave., Unit 16, Portland, OR 97239 (the "Corbett Ave. Property"). The Corbett Ave. Property, built in 2007, originally was titled in the defendant's name. By document dated September 8, 2008 and recorded September 12, 2008, the defendant transferred the legal interest in the Corbett Ave. Property to D Livingston Brown Family Partnership, LLC. By document dated March 30, 2009 and recorded March 31, 2009, the defendant transferred the legal interest in the Corbett Ave. Property from D Livingston Brown Family Partnership, LLC to AFM Assets, LLC. By document dated October 2, 2009 and recorded October 5, 2009, the defendant transferred the legal interest in the Corbett Ave. Property from AFM Assets, LLC to Alliance Holdings, LLC, an entity that

the defendant owned and controlled. By document dated October 25, 2010 and recorded October 27, 2010, the defendant transferred the legal interest in the Corbett Ave. Property from Alliance Holdings, LLC to Techline Holdings, LLC, an entity that the defendant owned and controlled.

**Other Transfers**

23. Between January 25, 2009 and January 25, 2011, the defendant transferred at least $82,975 to Chastidy Kim. Ms. Kim is an insider of the defendant.

24. In August 2010, the defendant sold his 17.5% membership interest in Business Property Trust, LLC to Barry P. Raber for $420,000.

25. On October 1, 2010, the defendant transferred $37,617.61 from a Key Bank account ending in 1724 held solely in the defendant's name to a Key Bank account ending in 2086, a joint account titled in the names of Leonard L. Brown, Jacquelyn A. Brown, and the defendant.

26. On October 4, 2010, the defendant transferred $100,000 from a Chase account ending in 8801 held solely in the defendant's name to the Key Bank account ending in 2086 referenced above.

27. On October 4, 2010, the defendant transferred $73,837.95 from a Bank of America account ending in 2128 held solely in the defendant's name to the Key Bank account ending in 2086 referenced above.

**The Personal Financial Statements**

28. The defendant issued numerous personal financial statements to financial institutions between June 30, 2008 and June 30, 2010. In many of these personal financial statements, the defendant represented that he had an unencumbered interest in the 2006 Range Rover valued at $31,000 and an unencumbered interest in the 2002 Mercedes valued at $20,500. The defendant also represented that he had interests in the Highland Drive Property and the Corbett Ave. Property in the personal financial

statements. Many of the personal financial statements reflected that the values of these properties exceeded the loans against them.

### The Bankruptcy Case

29. This case was filed as an involuntary chapter 7 bankruptcy case on January 25, 2011. The order for relief was entered on February 22, 2011. The United States Trustee appointed Rodolfo A. Camacho ("Camacho") as the chapter 7 trustee.

<u>The Bankruptcy Documents</u>

30. The defendant signed bankruptcy schedules and statements (the "Bankruptcy Documents") under penalty of perjury on March 18, 2011. Electronic versions of the Bankruptcy Documents were filed with the court on that date.

31. The defendant signed an amended Schedule F and related documents (the "1st Amended Schedule F") under penalty of perjury on March 21, 2011. Electronic versions of these document were filed with the court on that date.

32. The defendant signed another amended Schedule F and related documents (the "2nd Amended Schedule F") under penalty of perjury on April 11, 2011. Electronic versions of these documents were filed with the court on that date.

33. Schedule B, item 25 of the Bankruptcy Documents reflects that the only vehicle in which the defendant has an interest is a leased 2002 Toyota Tundra.

34. Statement of Financial Affairs ("SOFA") item 14 of the Bankruptcy Documents reflects that the defendant holds a 2006 Range Rover for AFM Asset Holdings LLC whose address is 4949 SW Meadows Rd., Ste. 400, Lake Oswego, OR 97035 (the "Meadows Rd. Address"). The Meadows Rd. Address is the defendant's business address.

35. SOFA item 3.c. of the Bankruptcy Documents reflects "None" in response to payments to insider creditors within one year preceding the commencement of the case.

36. SOFA item 7 of the Bankruptcy Documents reflects "None" in response to

certain gifts or charitable contribution made within one year immediately preceding the commencement of the case.

37. SOFA item 10 of the Bankruptcy Documents does not reflect the transfer of any vehicles within two years preceding the commencement of the case and also does not reflect any of the other transfers described in paragraphs 21 through 27 above.

38. Schedule B, item 14 and SOFA item 18 of the Bankruptcy Documents reflect that the defendant has or had an interest in numerous businesses, including businesses commencing with the initials AFM. AFM Assets LLC was not listed in Schedule B, SOFA item 18, or anywhere else in the Bankruptcy Documents.

39. SOFA item 19.d. reflects "None" in response to a request for a list of financial statements issued within two years preceding the filing of the bankruptcy case.

40. Jacquelyn Brown and Leonard Brown are not listed as creditors in the Bankruptcy Documents, the 1st Amended Schedule F, or the 2nd Amended Schedule F.

The Meeting of Creditors

41. The defendant answered questions under oath at his meeting of creditors on April 1, 2011.

42. Among other things, the defendant testified during the meeting of creditors that the information in the Bankruptcy Documents was true and correct to the best of his knowledge and that he had identified all of his assets and creditors. He testified that the leased Tundra truck was the only vehicle he had at the time of filing. He testified that he had not personally sold, given away, or transferred anything to anyone in the two years prior to filing bankruptcy other than transfers shown on his SOFA item 10. He testified that he had not made any payments to friends or family members on loans they made to him in the last year.

43. Camacho questioned the defendant at the meeting of creditors about the 2006 Range Rover reflected as one of the defendant's assets on 2009 personal financial

Page 7 - COMPLAINT FOR DENIAL OF DISCHARGE

statements.   The defendant denied having a Range Rover in 2009 and testified that he honestly didn't know why the vehicle appeared on his financial statement.   The defendant testified later during the meeting of creditors that he sold a Range Rover three or four years ago to cover a debt to his mother.   He testified that he still owed money to his parents.

44. The defendant also was questioned during the meeting of creditors about a 2002 Mercedes that appeared on a 2009 personal financial statement.  When asked whether he owned a 2002 Mercedes on June 30, 2009, the defendant testified that he hadn't owned a Mercedes in several years.  He testified that he had owned a 2002 Mercedes, but that it was sold more than four years ago to a third party he didn't know. He testified that he last drove the 2002 Mercedes something like four or five years ago.

<u>The Fed. R. Bankr. P. 2004 Examination and Related Matters</u>

45. On August 2, 2011, the court entered an order requiring the defendant to produce the documents described in Exhibit A to the Order  (Docket #116).  Among other things, the order required the defendant to produce documentation regarding all transfers between the defendant or any business or trust that he directly or indirectly owned or controlled to [sic] any related entity or relative during the period from January 1, 2009 to date.  The plaintiff informally had requested that the defendant provide the same documents by request on May 12, 2011.

46. By letter dated August 12, 2011, the defendant advised the plaintiff that no transfers were made during the period from January 1, 2009 to date.  The defendant did not produce documents regarding the transfers of the 2002 Mercedes, the 2006 Range Rover, the 2008 Mercedes, or (except for bank statements and Quick Books information) the transfers referenced in paragraphs 21 through 27.

47. The defendant testified under oath during an examination pursuant to Fed. R. Bankr. P. 2004 on August 17, 2011.  Among other things, the defendant testified that all

Page 8 - COMPLAINT FOR DENIAL OF DISCHARGE

of his interests in personal property were listed in his Bankruptcy Documents and that he had not done anything to try to protect his personal assets as his financial condition deteriorated.

48. The defendant testified at the Fed. R. Bankr. P. 2004 examination that he borrowed $1,500,000 from his parents (Jacquelyn Brown and Leonard Brown) in 2006. He initially testified that he had not been able to make any payments on account of this debt. However, when questioned about transfers during the period from January 25, 2009 to January 25, 2011, the defendant testified that he transferred the 2002 Mercedes to his mother to partially satisfy (in the amount of $12,000 to $15,000) the debt. He testified that he didn't do anything else like that to repay the debt to his parents. He also testified that he didn't transfer anything else to his parents during the two years prior to the bankruptcy filing, and didn't transfer any other assets from January 25, 2009 to January 25, 2011 other than as disclosed in the Bankruptcy Documents.

49. The defendant answered questions about various AFM entities during his Fed. R. Bankr. P. 2004 examination. The defendant testified that he was not aware of AFM entities other than the entities reflected on Schedule B and SOFA item 18. The defendant did not reference AFM Assets LLC or AFM Asset Holdings LLC during this testimony.

50. The plaintiff questioned the defendant during the Fed. R. Bankr. Pro. 2004 examination about records obtained from the DMV pertaining to the 2006 Range Rover. The defendant testified that AFM Asset Holdings LLC was not his entity and that he did not have authority to act on its behalf. Although the defendant acknowledged that the signature opposite the name AFM Assets LLC as "seller" on the DMV records was his, the defendant testified that he was not sure that a similar signature opposite the name AFM Asset Holdings, LLC as "buyer" on the same page was his. He testified that it could be his father's signature.

51. Despite the fact that the defendant transferred the 2002 Mercedes, the 2006

Page 9 - COMPLAINT FOR DENIAL OF DISCHARGE

1  Range Rover, and the 2008 Mercedes at the same time to AFM Asset Holdings, LLC, the
2  defendant testified at his Fed. R. Bankr. Pro. 2004 examination that the 2006 Range
3  Rover was the only asset that AFM Asset Holdings, LLC owned to his knowledge.

4  52. The defendant testified at the Fed. R. Bankr. P. 2004 examination that he was
5  uncertain as to when the transfers of the 2002 Mercedes and the 2006 Range Rover had
6  occurred. He testified that he could provide bills of sale regarding those transfers.
7  Despite subsequent request, as well as the court's August 2, 2011 order, the defendant has
8  not produced the bills of sale or other documentation regarding the transfers.

**FIRST CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. § 727(a)(2)(A)**

**(Pre-petition transfer/concealment of property)**

53. The plaintiff realleges paragraphs 1 through 52.

54. The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A) because, within one year before the date of the filing of the bankruptcy petition, the defendant transferred or concealed his property, with intent to hinder, delay, or defraud one or more creditors.

**SECOND CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. § 727(a)(2)(B)**

**(Post-petition concealment of property)**

55. The plaintiff realleges paragraphs 1 through 52.

56. The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(B) because the defendant concealed property of the estate after the date of the filing of the petition with the intent to hinder, delay, or defraud one or more creditors or an officer of the estate.

/ / / /

/ / / /

# THIRD CLAIM FOR RELIEF

## Denial of Discharge - 11 U.S.C. § 727(a)(4)

### (False Statements in Bankruptcy Documents)

57. The plaintiff realleges paragraphs 1 through 52.

58. The defendant's discharge should be denied because he knowingly and fraudulently made materially false oaths in the Bankruptcy Documents, the 1st Amended Schedule F, and/or the 2nd Amended Schedule F including one or more of the following:

   a. By failing to disclose that he had an interest in the 2002 Mercedes in Schedule B.

   b. By failing to disclose that he had an interest in the 2006 Range Rover in Schedule B.

   c. By failing to disclose that he had an interest in the 2008 Mercedes in Schedule B.

   d. By failing to disclose his transfer of an interest in the 2002 Mercedes in his SOFA item 3, item 7, or item 10.

   e. By failing to disclose his transfer of an interest in the 2006 Range Rover in his SOFA item 3, item 7, or item 10.

   f. By failing to disclose his transfer of an interest in the 2008 Mercedes in his SOFA item 3, item 7, or item 10.

   g. By representing in SOFA item 14 that he holds the 2006 Range Rover for AFM Asset Holdings LLC whose address is 4949 SW Meadows Rd., Ste. 400, Lake Oswego, OR 97035.

   h. By failing to list his parents as creditors in his Schedule F.

   i. By failing to list AFM Assets LLC in his Schedule B, SOFA item 18, or anywhere else in the Bankruptcy Documents.

   j. By failing to disclose one or more of the transfers referenced in paragraphs 21

Page 11 - COMPLAINT FOR DENIAL OF DISCHARGE

through 27 above in SOFA item 3, item 7, or item 10.

    k. By failing to list the financial statements that he had issued in response to SOFA item 19.d.

## FOURTH CLAIM FOR RELIEF
## Denial of Discharge - 11 U.S.C. § 727(a)(4)
### (False testimony at meeting of creditors)

59. The plaintiff realleges paragraphs 1 through 52.

60. The defendant's discharge should be denied because the defendant knowingly and fraudulently made materially false statements under oath at his meeting of creditors, including testimony about the following matters:

    a. When he testified that information in his Bankruptcy Documents was true and correct to the best of his knowledge.

    b. When he testified that he had identified all of his assets and all of his creditors.

    c. When he testified that he had not personally sold, given away, or transferred anything to anyone in the two years prior to filing bankruptcy other than transfers shown on his SOFA 10.

    d. When he testified that he had not made any payments to friends or family members on loans they made to him in the last year.

    e. When he testified that he did not know why the 2006 Range Rover appeared on his personal financial statement.

    f. When he testified that he sold the Range Rover that he had three or four years ago to cover a debt to his mother.

    g. When he testified that he still owed money to his parents.

    h. When he testified that he hadn't owned a Mercedes in several years.

    i. When he testified that he had owned a 2002 Mercedes, but that it was sold to a third party he didn't know more than four years ago.

Page 12 - COMPLAINT FOR DENIAL OF DISCHARGE

1    j. When he testified that he last drove the 2002 Mercedes something like four or five years ago.

### FIFTH CLAIM FOR RELIEF

### Denial of Discharge - 11 U.S.C. § 727(a)(4)

### (False testimony at Fed. R. Bankr. P. 2004 examination)

61. The plaintiff realleges paragraphs 1 through 52.

62. The defendant's discharge should be denied because the defendant knowingly and fraudulently made materially false statements under oath at his Fed. R. Bankr. P. 2004 examination including testimony about one or more of the following matters:

    a. When he testified that all of his interests in personal property were listed in his Bankruptcy Documents.

    b. When he testified that he had not done anything to try to protect his personal assets as his financial condition deteriorated.

    c. When he testified that he borrowed $1,500,000 from his parents in 2006.

    d. When he testified that he had not been able to make any payments on account of the debt to his parents.

    e. When he testified that he did not do anything else like the transfer of the 2002 Mercedes to his parents.

    f. When he testified that he had not transferred anything other than the 2002 Mercedes to his parents within two years prior to the bankruptcy case filing.

    g. When he testified that he did not transfer any other assets from January 25, 2009 to January 25, 2011 other than as disclosed in the Bankruptcy Documents.

    h. When he testified that he was not aware of AFM entities other than the entities reflected on his Schedule B and SOFA item 18.

    i. When he testified that AFM Asset Holdings LLC was not his entity and that he did not have authority to act on its behalf.

1    j. When he testified that he was not sure that the signature opposite the name AFM Asset Holdings, LLC as buyer on the DMV records pertaining to the 2010 transfer of the 2006 Range Rover was his and that it could be his father's signature.

k. When he testified that the 2006 Range Rover was the only thing he knew of that AFM Asset Holdings, LLC owns.

l. When he testified as to the purpose of the October 4, 2010 transfers to the joint account with his parents.

m. When he testified as to the purposes of some of the other transfers referenced herein.

**SIXTH CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. § 727(a)(4)(D)**

**(Withholding recorded information)**

63. The plaintiff realleges paragraphs 1 through 52.

64. The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(B) because the defendant knowingly and fraudulently withheld recorded information regarding transfers from the UST and/or Camacho.

**SEVENTH CLAIM FOR RELIEF**

**Denial of Discharge - 11 U.S.C. § 727(a)(6)**

**(Refusal to obey court order)**

65. The plaintiff realleges paragraphs 1 through 52.

66. The defendant's discharge should be denied pursuant to 11 U.S.C. § 727(a)(6) because the defendant has refused to obey this court's lawful order of August 2, 2011 requiring him to turnover documents pertaining to transfers.

WHEREFORE, plaintiff United States Trustee prays:

1. That the defendant's discharge be denied.

2. That plaintiff be awarded costs as allowed by the court.

1   3. For such other and further relief as the court deems just and proper.

2   DATED this 31st day of August, 2011.

3                                       Respectfully submitted,

4                                       ROBERT D. MILLER JR.
                                        United States Trustee

6                                       By: /s/ Pamela J. Griffith
                                        PAMELA J. GRIFFITH, OSB #812495
7                                       Assistant United States Trustee

Page 15 - COMPLAINT FOR DENIAL OF DISCHARGE
Case 11-03276-rld    Doc 1    Filed 08/31/11